NGUYEN, Circuit Judge,
concurring:
I concur in the disposition. I write separately to question whether the California equitable abstention doctrine applies in federal court at all, although we need not reach that issue here.
Because “the federal courts’ obligation to adjudicate claims within their jurisdiction is virtually unflagging, abstention is permissible only in a few carefully defined situations with set requirements.” United States v. Morros, 268 F.3d 695, 703 (9th Cir. 2001) (quotation and citation marks omitted). I am aware of no appellate authority — and Manor Care has identified none — holding that the California abstention doctrine qualifies as one such carefully defined situation.[1]
Applying the California abstention doctrine when federal abstention is unavailable potentially runs afoul of another doctrine — the Erie doctrine, which provides that federal courts sitting in diversity jurisdiction follow state substantive law, but not state procedural law, See Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Where the requirements for federal abstention were not met, the Seventh Circuit has reversed on Erie grounds the dismissal of a claim under a state rule providing for discretionary dismissal. AXA Corp. Solutions v. Underwriters Reinsurance Corp., 347 F.3d 272, 277 (7th Cir. 2003). The state rule and the federal abstention doctrine at issue conflicted because they both addressed the problem of parallel litigation in multiple venues,, but the state rule applied “liberally,” whereas the federal abstention doctrine was “reserved for exceptional circumstances.” Id. at 277. The court held that application of the state rule in federal court would violate Erie because the state rule was akin to other rules involving venue and therefore was procedural rather than substantive. Id. at 278.
*479 Similarly, here, the California abstention doctrine appears to be procedural because it concerns not whether a right or obligation exists, but rather the proper venue for its enforcement. Manor Care’s argument that the California abstention doctrine entrusts enforcement not to the courts but to a state agency, the California Department of Public Health, only serves to highlight the procedural nature of this doctrine. See AXA Corp. Solutions, 347 F.3d at 278. Applying the state rule would also “implicatef 3 an essential characteristic of the federal system,” in which instance “we typically apply the federal rule” when conducting an Eñe analysis. In re Cnty. of Orange, 784 F.3d 520, 528 (9th Cir. 2015). I am therefore doubtful that the California equitable abstention doctrine is a substantive rule that must apply in a federal diversity jurisdiction case.

. Manor Care does not argue that it can satisfy the requirements of any federal abstention doctrines, such as the Burford doctrine, which permits federal courts to "decline to rule on an essentially local issue arising out of a complicated state regulatory scheme” where certain requirements are met. Id. at 705 (quotation and citation marks omitted),